BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director
VINITA B. ANDRAPALLIYAL
Trial Attorney,
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
     P.O. Box 868
     Benjamin Franklin Station
     Washington, DC 20044
     Telephone: (202) 598-8085
     Facsimile: (202) 305-7000
     E-mail: Vinita.b.andrapalliyal@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| MARIANO JAVIER BAZALDUA-HERNANDEZ<br><br>            Plaintiff,<br><br>    v.<br><br>LEON RODRIGUEZ, as Director, U.S. Citizenship and Immigration Services, RON ROSENBERG, as Chief, Administrative Appeals Office,<br><br>          Defendants. | No. CV 15-1383-JGB<br><br>DEFENDANTS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT<br><br>[Hon. Jesus G. Bernal]<br><br> Hearing. Date:    Oct. 24, 2016 |

### NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on October 24, 9:00 a.m., or as soon thereafter as the parties may be heard, Defendants United States of America will bring for hearing the above-captioned motion. The hearing will take place before the Honorable Jesus G. Bernal, in Courtroom 1 at the above-titled Court. This Motion is based on the Memorandum of Points and Authorities attached to this motion, all pleadings, papers and files in this action, and such oral argument as may be presented at the hearing on the motion. This motion is made following the counsels' conference pursuant to L.R. 7-3, which took place over two days, including September 14, 2016.

Respectfully submitted,

Attorneys for Defendants

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director

WILLIAM C. SILVIS
Assistant Director

By: *s/ Vinita B. Andrapalliyal*
VINITA B. ANDRAPALLIYAL
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-8085
Fax: (202) 305-7000
Email: Vinita.b.andrapalliyal@usdoj.gov

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Defendants, Leon Rodriguez, in his official capacity as Director for U.S. Citizenship and Immigration Services ("USCIS"), and Ron Rosenberg, in his official capacity as Chief of the Administrative Appeals Office ("AAO") of USCIS; (collectively, "Defendants"), respectfully submit this Motion for Summary Judgment. Plaintiff Mariano Bazaldua-Hernandez ("Plaintiff" or "Bazaldua-Hernandez") seeks to challenge the denial of his Form I-918 Petition for U-1 Nonimmigrant Status. Plaintiff contends that USCIS's denial "is arbitrary, capricious, an abuse of discretion, and contrary to law." Dkt. 1, at 3. However, USCIS's decision is amply supported by the administrative record. Therefore, Plaintiff's claim fails as a matter of law, and Defendants are entitled to summary judgment.

### LEGAL BACKGROUND

In 2000, Congress created U nonimmigrant status ("U visa") to strengthen the ability of law enforcement agencies to investigate and prosecute certain crimes, while also protecting certain victims of crimes who have suffered abuse due to the crime and are willing to help law enforcement authorities in the investigation or prosecution of the criminal activity. *See* Section 1513 of Victims of Trafficking and Violence Protection Act ("VTVPA"), Pub. L. 106-386 (October 28, 2000). To be eligible for a U visa, a petitioner must (1) have suffered substantial physical or mental abuse as a result of having been a victim of qualifying criminal activity; (2) be in possession of information about the criminal activity of which he or she has been a victim; and (3) be of assistance to a Federal, State, or local law enforcement official, or prosecutor, a Federal or State judge, the Department of Homeland Security, or other Federal, State or local authority investigating or prosecuting criminal activity. 8 U.S.C. § 1101(a)(15)(U). Additionally, the criminal activity

must have violated U.S. law or occurred in the United States or its territories or possessions. *Id.*

Corresponding regulations promulgated by the Department of Homeland Security ("DHS"), beginning in 2008, elaborate on these requirements. In relevant part, 8 C.F.R. § 214.14 explains how USCIS evaluates the statutory requirement that the petitioner have suffered substantial physical or mental abuse as a result of having been a victim of qualifying criminal activity:

> Whether abuse is substantial is based on a number of factors, including but not limited to: The nature of the injury inflicted or suffered; the severity of the perpetrator's conduct; the severity of the harm suffered; the duration of the infliction of the harm; and the extent to which there is permanent or serious harm to the appearance, health, or physical or mental soundness of the victim, including aggravation of pre-existing conditions. No single factor is a prerequisite to establish that the abuse suffered was substantial. Also, the existence of one or more of the factors automatically does not create a presumption that the abuse suffered was substantial. A series of acts taken together may be considered to constitute substantial physical or mental abuse even where no single act alone rises to that level . . .

8 C.F.R. § 214.14(b)(1). Further, the burden is on the petitioner to demonstrate eligibility for U-1 nonimmigrant status, and USCIS will determine, in its sole discretion, the evidentiary value of previously or concurrently submitted evidence. *Id.* § 214.14(c)(4). A petitioner may appeal a denial of a petition for U nonimmigrant status to the AAO, which exercises *de novo* review of all issues of fact, law, policy, and discretion. *Id.* § 214.14(c)(5)(ii); *Matter of Simeio Solutions, LLC*, 26 I&N Dec. 542 (AAO 2015).

## STATEMENT OF FACTS[1]

On August 15, 2012, Plaintiff, a native and citizen of Mexico, submitted a Form I-918 Petition for U Nonimmigrant Status ("I-918 petition," or "U visa petition") to USCIS. Certified Administrative Record ("CAR") 3; *see also id.* 37–56. Plaintiff's I-918 petition attached a status certification submitted by the Upland, California police department and signed on February 6, 2012, which stated that on December 27, 2000, Plaintiff was the victim of attempted murder. *Id.* 45–46. The certification stated that "the suspect, an ex-boyfriend of [Plaintiff's] daughter, repeatedly threatened to kill her after she broke up with him, and on 12-27-00 the suspect attempted to burn down their house by setting their van on fire in the attached car port. He also threw a rock into a window into the residence." *Id.* 46.

On October 18, 2013, USCIS issued a request for evidence ("RFE") regarding Plaintiff's I-918 petition. *Id.* 3, 108–09. Specifically, USCIS requested an updated Form I-918 Supplement B (the law enforcement certification), and for supporting evidence of qualifying criminal activity. *Id.* 109. Plaintiff responded to the RFE with an updated Form I-918 Supplement B. *Id.* 108–16. Plaintiff also provided a psychosocial evaluation conducted in 2012 by Miriam Aragon, a clinical therapist. *Id.* 312–18. In the evaluation, Ms. Aragon diagnosed Plaintiff with a posttraumatic stress disorder ("PTSD") and an anxiety disorder, noting the following issues: (1) problems with primary support system, (2) victim of a crime,

---

[1] This case does not present any disputed issues of material fact because the Court's review is limited to the certified administrative record ("CAR") on which the agency based its decision. *See* 5 U.S.C. § 706; *Camp v. Pitts*, 411 U.S. 138, 142 (1973). Accordingly, a "Statement of Uncontroverted Facts and Conclusions of Law" under L.R. 56-1 is inapplicable.  Under the Administrative Procedure Act, the entire case on review is a "question of law" – whether the agency decision, based on the record, is lawful.  *See American Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001). Accordingly, the Court may direct summary judgment to either party based upon its review of the administrative record.  *See Lands Council v. Powell*, 379 F.3d 738, 743 (9th Cir. 2004), *amended by* 395 F.3d 1019 (9th Cir. 2005).

3

(3) problem with immigration status, (4) problems with access to health care services, and (5) social isolation. *Id.* 317.

On March 3, 2014, USCIS issued a Notice of Intent to Deny ("NOID") the petition, informing Plaintiff that evidence of the certified crime and additional evidence of substantial physical or mental abuse suffered by the petitioner as a result of qualifying criminal activity would be necessary in order to establish the Plaintiff's eligibility for U nonimmigrant status. Plaintiff was provided with an additional 33 days to submit this additional evidence. *Id.* 121–22. Plaintiff responded to the NOID with additional evidence in the form of personal statements, medical reports, a newspaper article, and an updated psychosocial evaluation conducted by Ms. Aragon. *Id.* 126–98. Ms. Aragon maintained her prior diagnoses. *Id.* 197.

On July 9, 2014, USCIS denied Plaintiff's I-918 application. *Id.* 31–33. The Center Director found that Plaintiff's victim's statement, medical reports, and psychological evaluation failed to establish that Plaintiff suffered substantial physical or mental abuse as a result of the qualifying criminal activity. *Id.* 32. Plaintiff filed a timely appeal of the denial. *Id.* 24–25.

On June 3, 2015, the AAO, after conducting a *de novo* review of the Center Director's decision, dismissed Plaintiff's appeal. *Id.* 1–6. Specifically, the AAO found that Plaintiffs' law enforcement certifications "do not contain any statements from the certifying agency about known or documented injuries" to Plaintiff "resulting from the criminal activity to establish the severity of the harm," and that Plaintiff's "statement contains generalized assertions about the impact of the crime on him during the past fifteen years." *Id.* 5. Further, the AAO found that Plaintiffs' submitted "PTSD and generalized anxiety diagnoses," from 2012, "are similarly not supportive of a conclusion that [Plaintiff] suffered substantial physical or mental abuse, as the [the clinical therapist] relates [Plaintiff's] mental health issues to other factors such as [Plaintiff's] worry over his immigration status and his lack

4

of adequate healthcare." *Id.* The AAO concluded that "[w]hen viewed in its totality, the evidence does not demonstrate that the incident certified by the Upland, California Police Department resulted in substantial physical or mental abuse under the relevant factors described in 8 C.F.R. § 214.14(b)(1), and as required by section 101(a)(15)(U)(i)(I) of the [Immigration and Nationality] Act." *Id.* The AAO decision became final on July 6, 2015, as Plaintiff filed no timely motion to reopen or reconsider with the AAO. *See* 8 C.F.R. § 103.5(a)(1).

On July 10, 2015, Plaintiff filed the instant lawsuit. Dkt. 1. Plaintiff alleges that Defendants' denial of Plaintiff's I-918 application was arbitrary, capricious, an abuse of discretion, and not in conformance with statute. Dkt. 1, at 3. Plaintiff does not take issue with a specific USCIS finding but rather generally alleges that because Plaintiff submitted a law enforcement certification and because he suffered and continues to suffer mental distress as a result, he is entitled to a U visa. *Id.*

### STANDARDS OF REVIEW

### I.  The Scope of Review Under the APA Is Narrow and Highly Deferential to the Agency's Decision.

Pursuant to the APA, agency decisions may be set aside only if "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *Family Inc. v. USCIS,* 469 F.3d 1313, 1315 (9th Cir. 2006) (*citing Ariz. Cattle Growers' Ass'n v. U.S. Fish & Wildlife*, 273 F.3d 1229, 1236 (9th Cir. 2001)). The arbitrary and capricious standard affords its "greatest deference" to an agency when the agency exercises its "special competence" in the subject matter committed to its regulation. *American Ship Bldg. Co. v. NLRB*, 380 U.S. 300, 316 (1965).

Further, "[t]he decision how to interpret the Immigration and Nationality Act is for other branches of government, and judicial deference to the Executive Branch is especially appropriate in immigration matters." *Spencer Enterprises, Inc.*

1    *v. United States*, 229 F. Supp. 2d 1025, 1036–37 (E.D. Cal. 2001), *aff'd*, 345 F.3d

2    683 (9th Cir. 2003) (citing *INS v. Aguirre–Aguirre,* 526 U.S. 415, 425 (1999)).

3         Review under the arbitrary and capricious standard is narrow, and the

4    reviewing court may not substitute its judgment for that of the agency. *See Marsh*

5    *v. Oregon Natural Res. Council*, 490 U.S. 360, 378 (1989); *Safari Aviation Inc. v.*

6    *Garvey*, 300 F.3d 1144, 1150 (9th Cir. 2002), *cert. denied*, 538 U.S. 946 (2003).

7    Agency action may be reversed under the arbitrary and capricious standard only if

8    the agency has relied on factors that Congress has not intended it to consider,

9    entirely failed to consider an important aspect of the problem, offered an

10   explanation for its decision that runs counter to the evidence before the agency, or

11   is so implausible that it could not be ascribed to a difference in view of the product

12   of agency expertise. *See Marsh*, 490 U.S. at 378; *Safari Aviation*, 300 F.3d at 1150.

13
14   **II.    The Court's Function is to Determine Whether as a Matter of Law the Evidence in the Administrative Record Supports USCIS's Decision.**

15        In a deciding a motion for summary judgment challenging a final agency

16   action, "the function of the district court is to determine whether or not as a matter

17   of law the evidence in the administrative record permitted the agency to make the

18   decision it did." *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769 (9th Cir. 1985).

19   Ordinarily, summary judgment is appropriate when "there is no genuine dispute as

20   to any material fact and the movant is entitled to judgment as a matter of law."

21   Fed. R. Civ. P. 56(a). However, in cases where the court is reviewing a decision of

22   an administrative agency, the standard set forth in Rule 56 is not applicable. *See*

23   *Occidental*, 753 F.2d at 769. This is because a district court "is not required to

24   resolve any facts in review of an administrative proceeding." *Id.* Instead,

25   "summary judgment becomes the 'mechanism for deciding, as a matter of law,

26   whether the agency action is supported by the administrative record and otherwise

27   consistent with the APA standard of review.'" *San Luis & Delta–Mendota Water*

28

*Auth.*, 760 F. Supp. 2d 855, 868 (E.D. Cal. 2010) (quoting *Sierra Club v. Mainella*, 459 F. Supp. 2d 76, 90 (D.D.C. 2006)).

When reviewing an agency action under the APA, the Court's review is limited to the administrative record on which the agency based its decision. *See* 5 U.S.C. § 706; *Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court). USCIS's factual findings are reviewed under the substantial evidence standard. *Monjaraz-Munoz v. INS*, 327 F.3d 892, 895 (9th Cir. 2003), *amended by* 339 F.3d 1012 (9th Cir. 2003). This Court will not disturb the agency's findings under this extremely deferential standard "unless the evidence presented would compel a reasonable finder of fact to reach a contrary result." *Id.* If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the agency. *See Bear Lake Watch, Inc. v. FERC*, 324 F.3d 1071, 1076 (9th Cir. 2003).

"When an agency offers multiple grounds for a decision, [the Court] will affirm the agency so long as any one of the grounds is valid, unless it is demonstrated that the agency would not have acted on that basis if the alternative grounds were unavailable." *BDCPS, Inc. v. FCC*, 351 F.3d 1177, 1183 (D.C. Cir. 2003); *Carlsson v. U.S. Citizenship and Immigration Services*, 2012 WL 4758118, *7, No. 12-cv-7893 (C.D. Cal. Oct. 3, 2012). If the record before the agency does not support the agency action, the proper course, except in rare circumstances, is to remand to the agency. *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).

## III.   The Burden of Proof

Finally, in visa petition proceedings before USCIS, the burden of proof rests with the petitioner to establish eligibility for the benefit sought by a preponderance of the evidence. *See* 8 U.S.C. § 1361; *Matter of Chawathe*, 25 I. & N. Dec. 369,

374-76 (AAO 2010); *Matter of Martinez,* 21 I. & N. Dec. 1035 (BIA 1997); *Matter of Patel*, 19 I. & N. Dec. 774 (BIA 1988).

## ARGUMENT

### I. The Denial of Plaintiff's I-918 Petition Was Not Arbitrary, Capricious, an Abuse of Discretion, or otherwise Unlawful.

Here, the evidence in the record clearly shows that USCIS's decision to deny Plaintiff's I-918 petition did not violate the APA. The AAO's *de novo* review of Plaintiff's petition comprehensively summarized the procedural history of Plaintiff's petition—including Plaintiff's multiple opportunities to bolster his petition—as well as the relevant evidence Plaintiff had submitted. The AAO found that Plaintiff had failed to establish the first statutory element of eligibility for a U visa: that "the alien has suffered substantial physical or mental abuse as a result of having been the victim of criminal activity . . . ." 8 U.S.C. § 101(a)(15)(U)(I); *see also* 8 C.F.R. § 214.14(b)(1). In so doing, the AAO reviewed the relevant evidence regarding Plaintiff's allegations that he had suffered substantial physical or mental abuse as a result of a criminal incident in 2000, certified by the Upland, California Police Department, in which Plaintiff's daughter's ex-boyfriend set fire to the family's van and threw a rock into a window of the family residence, and found the evidence insufficient for Plaintiff to establish this prong of the eligibility analysis. CAR 4–6.

Specifically, the AAO (1) reviewed Plaintiff's statements submitted in support of his I-918 petition,[2] (2) noted that the law enforcement certification attached as Supplement B to Plaintiff's I-918 petition contained no documentation of any physical or mental harm suffered by Plaintiff as a result of the certified incident

---

[2] After summarizing Plaintiff's assertions of mental harm suffered as a result of the certified incident, the AAO reasonably focused its analysis on any evidence in the record that could corroborate Plaintiff's assertions. *See Glob. Fabricators, Inc. v. Holder*, 320 Fed. App'x 576, 580 (9th Cir. 2009).

1  and (3) further noted that the only medical evidence of harm resulting from the
2  certified incident in the record consisted of two sets of psychosocial evaluations
3  conducted almost 12 and 14 years after the criminal act at issue, respectively. *Id.*
4  4–5. Further, the AAO found that Ms. Aragon's psychosocial evaluations noted
5  multiple issues that contributed to her diagnoses of PTSD and anxiety disorder,
6  only one of which was Plaintiff's status as a victim of a crime.[3] *Id.* 5. Therefore,
7  the AAO reasonably concluded that the totality of the evidence did not
8  demonstrate that Plaintiff suffered severe physical or mental abuse as a result of
9  qualifying criminal activity. *Id.* 4–6.

10  Moreover, the other medical evidence in the record likewise does not support
11  Plaintiff's contention that he suffered and continues to suffer mental distress as a
12  result of qualifying criminal activity. None of Plaintiff's physician, hospital, or eye
13  care records link any of his medical conditions to the qualifying criminal activity
14  on which his I-918 petition is based. *See id.* 144–98.

15  Therefore, the AAO's finding that "[w]hen viewed in its totality, the evidence
16  does not demonstrate that the incident certified by the Upland, California Police
17  Department resulted in substantial physical or mental abuse under the relevant
18  factors" described in 8 U.S.C. § 1101(a)(15)(U)(i) and 8 C.F.R. § 214.14(b)(1),
19  and, thus, that Plaintiff was ineligible for a U visa, is supported the record evidence
20  and, accordingly, is not arbitrary, capricious, an abuse of discretion, or otherwise

---

[3] While the text of Ms. Aragon's psychosocial evaluations noted that Plaintiff was suffering from PTSD "following the exposure to an extremely traumatic crime," A.R. 196, 316, her technical assessment on the "Global Assessment of Functioning" ("GAF") scale indicated a score of 55, which indicates moderate (as opposed to severe) impairments. *See Jimenez v. Martel*, No. CV 10-7108-MMM AGR, 2013 WL 8173899, at *5 n.8 (C.D. Cal. Aug. 2, 2013), *report and recommendation adopted,* No. CV 10-7108-MMM AGR, 2014 WL 1289454 (C.D. Cal. Mar. 31, 2014). Further, Ms. Aaragon's Axis IV assessment of psychosocial and environmental problems indicated the multitude of psychosocial stressors noted above. *Solano v. Diaz*, No. CV 12-6510-RGK AGR, 2014 WL 117335, at *5 n.8 (C.D. Cal. Jan. 10, 2014) (explaining the various axes on which a clinical patient is evaluated) (citing American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* (4th ed. 2000) ("DSM–IV–TR") at 27).

9

not in accordance with law. *See Glob. Fabricators, Inc. v. Holder*, 320 Fed. App'x 576, 580 (9th Cir. 2009) *see also, e.g.*, *Bob Huddleston State Farm Ins. Agency v. Holder*, No. 2:10-CV-02257-MMD, 2013 WL 1195519, at *4 (D. Nev. Mar. 22, 2013).

## CONCLUSION

Because the foregoing demonstrates that USCIS's decision may be permissibly drawn from the evidence in the record, the denial of Plaintiff's I-918 petition was not arbitrary, capricious, an abuse of discretion, or otherwise contrary to law. Therefore, the Court should grant Defendants' motion for summary judgment.

Dated: September 15, 2016

Respectfully submitted,

Attorneys for Defendants

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director

WILLIAM C. SILVIS
Assistant Director

By: *s/ Vinita B. Andrapalliyal*
VINITA B. ANDRAPALLIYAL
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-8085
Fax: (202) 305-7000
Email: Vinita.b.andrapalliyal@usdoj.gov

## CERTIFICATE OF SERVICE

Case No. CV 15-1383-JGB

I hereby certify that I am over the age of 18 and not a party to the above-titled action. I am employed as a Trial Attorney at the United States Department of Justice, Office of Immigration Litigation, District Court Section. My business address is P.O. Box 868, Ben Franklin Station, Washington, DC 20044.

On September 15, 2016, I served this STIPULATED REQUEST FOR DEFENDANTS' COUNSEL TO APPEAR TELEPHONICALLY, on each person or entity named below by uploading an electronic version of this document to the Court's ECF system:

MOISES AVILES
560 N Arrowhead Ave,
San Bernardino, CA 92401
Telephone: (909) 383-2333
Email: avilesassociates@gmail.com

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct.

Executed on September 15, 2016, at Washington, DC.

By: *s/Vinita B. Andrapalliyal*
VINITA B. ANDRAPALLIYAL
Trial Attorney
United States Department of Justice
Civil Division